# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CORNELL VINEGAR,           )
)
     Plaintiff,           )
)      15 C 10625
     v.                 )
)      Judge Charles P. Kocoras
DAMIAN BRAGGS, et al.,       )
)
     Defendants.        )

## ORDER

Before the Court is Defendants Randfy Pfister ("Pfister") and John Baldwin's ("Baldwin") (collectively, "Defendants") Rule 12(b)(6) motion to dismiss (the "Motion") Plaintiff Cornell Vinegar's ("Vinegar") third amended complaint (the "TAC"). For the following reasons, the Court grants the Motion.

## STATEMENT

Pfister is the warden of the Northern Reception and Classification Center[1] at Stateville ("NRC") and Baldwin is the director of the Illinois Department of Corrections ("IDOC"). On or about March 23, 2014, Vinegar was temporarily housed at the NRC in Joliet, Illinois. At about 9:35 am, Correctional Officer Holyfield ("Holyfield") shackled and escorted Vinegar down a flight of stairs to transport him from his cell to the yard. While being escorted down the stairs, Vinegar claims that

---

[1] The Northern Reception and Classification Center is a detention facility managed under the policies promulgated by IDOC.

Holyfield negligently released him which caused him to fall. As a result of his fall, Vinegar suffered multiple injuries and requested medical assistance. According to Vinegar, both Holyfield and Correctional Officer Braggs ("Braggs") denied his request for medical attention and placed him back in his cell for three days.

In the TAC, Vinegar alleges that Holyfield and Braggs, in their individual capacities, were deliberately indifferent to his medical needs (Count I). Furthermore, Vinegar contends Holyfield was negligent in the care he exercised while transporting Vinegar from his cell (Count III). Vinegar also seeks prospective injunctive relief against Pfister and Baldwin, in their official capacities, under § 1983 for failure to ensure adequate care for elderly or shackled inmates in transit (Count II). Defendants seek to dismiss all three counts of the TAC.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the complaint's sufficiency, and not the case's merits." *Gibson v. City of Chicago*, 919 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). A plaintiff does not need to provide detailed factual allegations, but must present enough factual support to raise his right to relief above a "speculative level." *Id.* at 555. A claim must be facially plausible, meaning that "the pleaded content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes all facts and all inferences in the light most favorable to Vinegar. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

## 1.    Counts I and III

Defendants have moved to dismiss the entire TAC. However, Counts I and III are not against Defendants. Thus, this Court does not need to consider Defendants' arguments on these Counts. Accordingly, the Court will only consider the Motion as it relates to Count II.

## 2.    Count II

Under Count II, Vinegar seeks prospective injunctive relief against Defendants because he argues it is likely he will be transferred back to the NRC, and because "those in a policy making position within IDOC and the NRC at Stateville had actual and/or constructive knowledge that special care is not given to elderly inmates, like [Vinegar], who are shackled as they are being escorted throughout the correctional facilities." In rebuttal, Defendants raises two arguments. First, Defendants argue that since Vinegar is no longer incarcerated at the NRC his claim for prospective injunctive relief is moot. Second, Defendants contend that even if Vinegar was likely to be transferred back to the NRC, Vinegar "nevertheless fails to demonstrate that failing to provide 'special care' to elderly inmates constitutes a federal or constitutional right." We discuss each below.

If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v Farley*, 83 F.3d 807, 811 (7th Cir. 1996) citing *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Allegations of a likely retransfer "may not be based on mere speculation." *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975). Furthermore, "the capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Vinegar contends in his response that a likelihood of retransfer is "greatly increase[d]" because NRC acts as a major processing unit for Illinois and he currently has two pending cases in the Northern District of Illinois.

Despite these assertions, we are not persuaded that a retransfer is "virtual[ly] certain[]." *Higgason*, 83 F.3d 807 at 811. Therefore, we agree with Defendants that Vinegar's claim for prospective injunctive relief is moot. Nevertheless, even if we were to determine that a retransfer is certain, Vinegar has failed to show that the retransfer will lead to violation of his rights.

Here, Vinegar has not presented a "real and immediate threat of future harm" that would afford him standing to sue for prospective injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Instead, Vinegar has put forth a purely speculative argument that fails to demonstrate any alleged violation of constitutional or federal law. Vinegar claims that under the Eighth Amendment, "elderly inmates"

must be escorted with "special care." However, Vinegar offers this Court no case law to assist his argument. More importantly, Vinegar has not pled any facts to support his conclusion that there is a widespread practice or custom of elderly inmates being mistreated while they are shackled and escorted at the NRC. To have a cognizable claim, Vinegar must offer facts from which this Court can logically infer that he belongs to a protected class, and that the Defendants violated his protected rights. Vinegar has not sufficiently alleged either. Accordingly, Defendant's Motion is granted.

## CONCLUSION

For the aforementioned reasons, the Court grants Defendants' Motion to Dismiss. It is so ordered.

Dated: 10/3/2017

Charles P. Kocoras
United States District Judge