# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CORNELL VINEGAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 15 C 10625 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| C.O. DAMIAN BRAGGS, and | ) | |
| AMANDA WOOD, As Special | ) | |
| Administrator of the Estate of C.O. | ) | |
| Donald Holyfield, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants' Damian Braggs ("Braggs") and Amanda Wood ("Wood") as Special Administrator for the Estate of Donald Holyfield ("Holyfield") (collectively, the "Defendants"), motion for summary judgment against Plaintiff Cornell Vinegar ("Vinegar"). For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

The following facts taken from the record are undisputed, except where otherwise noted.

On or about March 23, 2014, Vinegar was temporarily housed at the NRC in Joliet, Illinois. Holyfield and Braggs were correctional officers and, on this day, were

escorting inmates from the gallery to the yard area. At approximately 9:35 am, Holyfield handcuffed and escorted Vinegar down a flight of stairs to transport him to the yard. While being escorted, Vinegar asserts that Holyfield negligently released his hold of Vinegar, causing him "to fall down … three or four steps."

As a result of the fall, Vinegar hit the back of his head, knee, and the middle of his back. Vinegar was not bleeding and had "maybe two" knots on the back of his head. Holyfield assisted Vinegar back up, and with concern, asked Vinegar if he "wanted to see the doctor or go to the healthcare." Expressing tremendous pain, Vinegar answered in the affirmative.

However, instead of calling a nurse, Holyfield returned Vinegar back to his cell and proceeded to transport the other inmates. Vinegar, while in pain, remained alone in his cell for the next three days.

Vinegar claims that when he fell, Braggs was roughly ten yards away escorting the other inmates. Vinegar alleges that Braggs did not seek him out after the fall. Vinegar further testifies that he was uncertain as to whether Holyfield and Braggs discussed what had happened. Vinegar was also unsure as to whether Braggs had witnessed him fall. Braggs claims that he has no recollection of the incident nor of Vinegar requesting medical attention.

On March 26, 2014, three days after the fall, "Nurse Jennifer" examined Vinegar. On the same day, Mary Diane Schwartz ("Schwartz"), a physician assistant, also

2

examined Vinegar. This was the first time Vinegar received any sort of treatment for his fall.

Schwartz thoroughly evaluated Vinegar and immediately entered a "progress note" in his medical chart. She reported "no pathological findings, no swelling, erythema, ecchymosis, [or] deformity" and indicated that Vinegar's knee was stable, that his neuro was intact, and that he did not suffer from any trauma. Schwartz, addressing Vinegar's complaints of "aches and pains," prescribed him with "capsaicin cream"[1] and Robaxin.[2] Schwartz testified that Vinegar's health had not been adversely compromised despite not receiving any sort of treatment for three days.

A week later, on April 2, 2014, another medical professional[3] examined Vinegar at the Illinois River Correctional Center. During this examination, Vinegar failed to disclose his recent fall down the stairs, did not complain of any injuries, and did not inquire about any further treatment for his head, back, or knee. Since his fall, Vinegar has not been medically diagnosed with any injuries.

On November 24, 2015, Vinegar filed his original complaint and brought claims under state law and the Eighth Amendment against Braggs, Holyfield, Schwartz, and "Nurse Jennifer." On February 24, 2016, a waiver of service of summons was returned unexecuted as to Holyfield, indicating that he was deceased. On July 6, 2016, Braggs' counsel filed a Suggestion of Death on Holyfield's behalf, indicating he had died on or

---

[1] According to Schwartz, capsaicin cream "is hot chili pepper cream and it's like Bengay without the menthol."
[2] Robaxin is a muscle relaxant Ms. Schwartz prescribed Vinegar to take three times a day for 30 doses.
[3] The pleadings do not reveal the identity of the medical examiner who evaluated Vinegar.

about August 2, 2015. On October 14, 2016, the Court appointed Robert A. Fisher to represent Vinegar and ordered him to file a motion for substitution regarding Holyfield within ninety days.

On January 5, 2017, Vinegar filed a motion to appoint Amanda Wood as Special Administrator of Holyfield's estate. Vinegar articulated that "[u]pon information and belief, no estate had been opened for decedent, [Holyfield], or letters of office been issued," and that therefore, under 735 ILCS 5/13-209(b)(2), appointment of a special administrator on Holyfield's behalf was necessary and proper. The Court granted the motion.

On February 2, 2017, Vinegar filed his Third Amended Complaint, alleging the following claims: (1) Count I, a claim for deliberate indifference under the Eighth Amendment against Braggs and Wood, in her capacity as Special Administrator for Holyfield's estate; (2) Count II, a claim for injunctive relief against the NRC Warden, Randy Pfister, and IDOC Director, John Baldwin, regarding IDOC policy that fails to provide an "adequate standard of care for elderly or shackled inmates in transit;" and (3) Count III, a state claim for negligence against Wood, in her capacity as Special Administrator for Holyfield's estate, regarding Holyfield's alleged conduct in causing Vinegar to fall down a flight of stairs.

On October 3, 2017, the Court granted Defendants' motion to dismiss Count II. On March 12, 2018, Defendants filed this summary judgment motion as to Counts I and III.

## **LEGAL STANDARD**

In considering a motion for summary judgment, the Court construes all facts and draws all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises where a reasonable jury could find, based on the evidence of record, in favor of the non-movant. *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court considers the "record as a whole." *Morgan v. Harris Trust & Sav. BFank of Chi.*, 867 F.2d 1023, 1026 (7th Cir. 1989).

## **DISCUSSION**

Preliminarily, a procedural matter requires our attention before we dive into the pleadings. First, we address the Defendants' contention that Wood was improperly appointed as Special Administrator to Holyfield's estate. Therefore, because Wood is not the proper party for the underlying action, the Defendants seek dismissal of Counts I and III as it relates to Holyfield's estate.

In response, Vinegar claims that the Defendants have waived this affirmative defense. He further argues that even if this argument has not been waived, Wood was properly appointed.

### A. The Defendants Have Not Waived Their Affirmative Defense

Vinegar contends that the Defendants have waived their affirmative defense of asserting that Wood was improperly appointed as Special Administrator of Holyfield's estate. Specifically, Vinegar argues that the Defendants waived this argument because they failed to assert it earlier in the pleading stage. We disagree.

Although Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be raised in the pleadings, "a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). Here, there is no indication that Vinegar has suffered any harm by the Defendants raising their affirmative defense in this summary judgment motion. *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) ("[W]here the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answer his complaint.").

Vinegar has an opportunity to substantively respond to the Defendants' affirmative defense and has taken advantage of that opportunity in his response. Also, Vinegar has been aware of this defense as the Defendants asserted it in their response to Vinegar's Third Amended Complaint. Accordingly, because the Defendants have not waived this affirmative defense, we next evaluate whether Wood was properly appointed under Section 735 ILCS 5/13-209.

### B. Wood's Appointment As Special Administrator To Holyfield's Estate Fails To Conform With The Requirements Set Forth Under Section 735 ILCS 5/13-209(c).

The Defendants assert that Vinegar's claims against Wood should be dismissed because she was improperly appointed as Special Administrator to Holyfield's Estate. Vinegar counters by claiming that Wood was properly appointed under 735 ILCS 5/13-209(c) because he exercised reasonable diligence in attempting to locate an estate for Holyfield.

Vinegar originally relied on Section 735 ILCS 5/13-209(b), but changes course in the underlying briefs and now asserts that Wood's appointment was proper under Section 735 ILCS 5/13-209(c). Therefore, this Court focuses its analysis on whether Wood's appointment conforms with the requirements set forth under Section 735 ILCS 5/13-209(c). Section 735 ILCS 5/13-209(c) states:

> (c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:
>
> (1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant
>
> (2) The party proceeds with reasonable diligence to serve process upon the personal representative.
>
> (3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) If no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

Section 735 ILCS 5/13 209(c).

*\*\**

We find that Vinegar failed to comply with the statutory requirements of subsection (c). Subsection (c) provides, *inter alia*, that the court must appoint, and plaintiff must substitute in an amended complaint, a personal representative for the deceased person's estate within two years after the limitations period expired. Here, the Court appointed Wood as a Special Administrator to Vinegar's estate. However, Section 735 ILCS 13-209 makes a distinction between "special representative" and "personal representative." *See Relf v. Shatayeva*, 2013 IL 114295, ¶ 28, 998 N.E. 2d 18, 26.[4]

Under the plain language of section 13-209(c), Vinegar was obligated to proceed against Holyfield's duly appointed personal representative, substituting him or her as the defendant once he learned of Holyfield's death. Instead, he elected file a motion asking this Court to appoint Wood as Special Administrator to Holyfield's estate,

---

[4] Section 735 ILCS 513/209 is divided into three sections. *Relf*, 2013 IL 114925 at ¶ 25. Subsection (b) is applicable when "a person against whom an action may be brought dies; and Subsection (c) is applicable when a party unknowingly sues a dead person. *Id.* Section 735 ILCS 5/13-209 distinguishes between "'representatives' or 'personal representatives,' on the one hand, and 'special representatives,' on the other." *Id.* at ¶ 25. Where the "legislature has employed certain language in one part of a statute and different language in another, we may assume different meanings were intended." *Id.*
"Special representatives" are references only with respect to situations where "no petition for letters of office for the decedent's estate has been filed." *Id.* "In all other situations, which by inference must be whenever petitions for letters of office have been filed, the statute refers to 'representatives' or 'personal representatives.'" *Id.*

8

erroneously asserting Section 735 ILCS 5/13-209(b). While this Court granted the motion,[5] Vinegar cannot properly invoke section 13-209(c) because Wood is not a personal representative of Holyfield's estate.

However, even assuming *arguendo* that this Court had the authority to appoint Wood and that appointment properly conformed to Section 735 ILCS 5-13/209, Counts I and III against Holyfield's estate would still be dismissed. For the reasons set forth below, both Defendants are protected by the qualified immunity doctrine as it relates to Count I, and sovereign immunity affords Holyfield's estate protection as it relates to Count III.

### C. Qualified Immunity

The Defendants seek dismissal of Count I against them in their individual capacities under the doctrine of qualified immunity. Count I asserts a deliberate indifference claim under the Eight Amendment against Braggs and Wood, in her capacity as Special Administrator of Holyfield's estate.

"The doctrine of qualified immunity shelters government officials from civil liability in their individual capacities as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kies v. City of Aurora*, 149 F. Supp. 2d 431, 425 (N.D. Ill. 2001)

---

[5] The Court further notes that this Court lacked the authority to appoint Wood as either a Special Administrator or Personal Administrator pursuant to Section 735 ILCS 513-209. *See Wilson v. Sundstrand Corp.*, No. 99 C 6944, WL 99745, at *4 (N.D. Ill. 2002) (stating that a federal district court "lacks authority to appoint a special administrator."); *see also* Federal Rule of Civil Procedure 17(c) (limiting federal court appointments of personal representatives to next friends or guardians ad litem for infants or incompetents).

9

(citing *Harlow v. Fitgerald*, 457 U.S. 800, 818 (1982)). Vinegar has the burden of demonstrating that: (1) a constitutional violation transpired, and (2) the pertinent constitutional standards were clearly established at the time of the violation. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996). In assessing the applicability of qualified immunity to this case, the Court will first examine whether Vinegar has set forth a constitutional violation.

I. **The Eight Amendment Is Not Applicable To Vinegar's Claim**

Vinegar alleges that Holyfield's actions in causing him to fall violates his clearly established constitutional right and is therefore sufficient to defeat qualified immunity. The Defendants claim that Vinegar did not suffer an objectively serious injury as contemplated by the Eighth Amendment, and that even if he did, the Defendants were not deliberately indifferent to his medical needs. We agree with the Defendants.

The Eighth Amendment proscription on the infliction of cruel and unusual punishment requires that the government "provide humane conditions of confinement" and to "ensure that inmates received adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). These principles prevent prison officials from "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 117 (1976).

To establish an Eighth Amendment claim, Vinegar must satisfy a two-prong test: "(1) the deprivation alleged must [be] objectively serious; [and] (2) the prison official

must have exhibited deliberate indifference to the inmate's health or safety." *Zentmyer v. Kendal Cty., Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). An objectively serious need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

We find that Vinegar's allegations of injuries to his "head, back, and knees" do not rise to the level of an objectively serious medical need. Subsequent to his fall, the evidence demonstrates that Vinegar did not incur any sort of physical injuries outside of two bumps on the back of his head that were "not that big," and proceeded to walk back to his cell without any sort of physical limitations.

When Schwartz examined him three days later, the evidence details how Schwartz did not diagnose him with any life-threatening injuries, any abnormality in his vital signs, any indication of acute distress, any fractures, nor any swelling in his organs. In fact, Vinegar had only complained of soreness to his left knee, lower back, and in the back of his head. However, these injuries are inadequate to support a claim of objectively serious medical need. *See Anderson-EL v. O'keefe*, 897 F. Supp. 1093, 1096-97 (N.D. Ill. 1995) (finding no objectively serious medical need where plaintiff testified to suffering from bruising and soreness throughout his body and that the only "objective" medical finding was a small scratch that resulted in a prescription for Tylenol or Advil).

To support his contention, Vinegar erroneously relies on *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016). In *Anderson*, the Seventh Circuit found that a plaintiff had plausibility alleged an Eighth Amendment claim when the defendants handcuffed the plaintiff and without help forced him to walk down a flight of stairs that were "slippery with milk," and had been "clogged with several days' of accumulated food and rubbish." *Id.* The Court noted that "[f]orcing someone to walk handcuffed and unaided down stairs needlessly strewn with easily removable milk, food, and garbage, as [the plaintiff] alleges, poses an unreasonable peril." *Id.*

Unlike *Anderson*, we are presented with a summary judgment motion, and not a motion to dismiss. Thus, Vinegar has presented this Court with no evidence to show that the stairs Holyfield walked on were covered with debris or posed any sort of safety risk. Accordingly, Vinegar has failed to demonstrate to this Court that he suffered an objectively serious medical need. Because Vinegar has failed to prove he suffered an objectively serious medical need, we find no need to evaluate whether the Defendants exhibited deliberate indifference to Vinegar's medical needs.

As such, qualified immunity defeats Count I because Vinegar has failed to prove that a constitutional violation transpired.

**D.    Sovereign Immunity**

    **I.    State Law Claim of Negligence**

The Defendants invoke the doctrine of sovereign immunity in regards to Count III. Vinegar alleges that sovereign immunity is inapplicable because he is suing Holyfield in his individual capacity. We disagree.

Because Vinegar raises the doctrine of sovereign immunity in the context of state law, state immunity rules apply. *Benning v. Bd. of Regents of Regency Universities*, 928 F.2d 775, 779 (7th Cir. 1991). The Court of Claims Act establishes the Illinois Court of Claims "as the exclusive forum for '[a]ll claims against the State for damages in cases sounding in tort.'" *Hampton v. City of Chicago*, 349 F. Supp. 2d 1075, 1078 (N.D. Ill. 2004) (quoting 705 ILCS 505/8(d)).

On its face, Vinegar's claim is not against the state, as the state is not named as a defendant. Rather, Vinegar has filed suit against Wood, Special Administrator to Holyfield's estate. However, Holyfield was a state employee, and Illinois Courts have "recognized that actions against state employees must sometimes be characterized as actions against the state." *Fritz v. Johnston*, 209 Ill. 2d 302, 310 (2004).

The determination of whether an action is an action against the state depends on the issues raised and the relief sought. *Fritz*, 209 Ill. 2d at 310. An action is considered against the state when there are:

> (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State.

*Healy v. Vaupel*, 133 Ill.2d 295, 308 (1990) (quoting *Robb v. Sutton*, 147 Ill.App.3d 710, 716 (1986).

The dispute here centers on the second factor, namely, whether the duty allegedly breached was not owed to the public generally independent of the fact of state employment. For the second prong, Illinois law applies the "source-of-duty" test. *Currie v. Lao*, 148 Ill.2d 151, 159 (1992) ("where the employee is charged with breaching a duty imposed on him independently of his State employment, sovereign immunity will not attach and a negligence claim may be maintained against him in circuit court").

We find that Holyfield did not owe a duty to the public generally independent of his state employment. Holyfield interacted with Vinegar solely because he was a correctional officer assigned to the NRC in Joliet, Illinois. There was no other independent reason that brought Vinegar and Holyfield together.

In cases applying source of duty test, "sovereign immunity applies when the duty exists solely because of the agent's employment." *Hampton*, 349 F. Supp. 2d at 1080. In *Currie*, the court found that sovereign immunity did not apply to a "defendant police officer who crashed his squad car into another driver because the defendant's duty stemmed from his status as a driver on a public road and not from his status as a police officer." *Hampton*, 349 F. Supp. 2d at 1080 (citing *Currie*, 148 Ill. 2d at 161). Similarly, sovereign immunity does not protect a state doctor because a doctor owes a duty to his

patients regardless of his status as an employee of the state. *Madden v. Kuehn*, 56 Ill. App.3d 997, 372 (1978).

Here, unlike *Currie* or *Madden*, any and all of Holyfield's duties stemmed from his status as an agent of the state; there was no independent source. Further, unlike a physician or driver, Holyfield owed no general duty to Vinegar.

Accordingly, we find sovereign immunity applies to Holyfield and enter judgment in favor of the Defendants as to Count III.

## **CONCLUSION**

For the aforementioned reasons, Defendants' motion for summary judgment is granted. It is so ordered.

/s/ Charles P. Kocoras

Dated: 1/22/19

Charles P. Kocoras
United States District Judge